## DROCK v THE GREAT A & P TEA CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2935.   Decided March 28, 1939

Earl L. Bougher, Columbus, for Plaintiff-Appellee.

Addison, Isaly & Addison, Columbus, for Defendant-Appellant.

(GUERNSEY, J.. of the Third District, sitting by designation.)

## OPINION

By GUERNSEY, J.

This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The plaintiff, Myrtle M. Drock, brought an action against the defendant, The Great Atlantic & Pacific Tea Company, for damages for personal injuries, alleging that she purchased certain liver pudding at one of defendant's stores; that said liver pudding was unfit for human consumption; that she ate of the same; and that as the immediate consequence of eating said liver pudding she became ill and suffered damages for which she asks compensation.

The trial resulted in a verdict for plaintiff. Motion for new trial of the defendant was overruled and judgment in favor of the plaintiff was entered on the verdict and the cause is now before this court on appeal on questions of law by the defendant from said judgment.

A detailed statement of facts is not essential to the consideration of the questions raised on the appeal and so the same will be omitted and the ultimate facts in evidence will be stated and discussed in connection with the consideration of the various assignments of error insofar as such facts are essential to the consideration of the various assignments.

The defendant-appellant specifies a number of assignments of error in its assignment of errors, but in its brief argues only three of such assigned errors, and under the statute these will be the only assignments of error considered. The assignments mentioned are as follows:

1. Said court erred in overruling the motion of the defendant to withdraw a juror and continue said cause for misconduct of a juror during the trial of said cause.

2. Said court erred in its general charge to the jury.

3. The verdict is against the weight of the evidence, is not sustained by sufficient evidence and is contrary to law.

These assignments of error will be considered in the order mentioned.

1. Trial of the cause in which the judgment appealed from was rendered was commenced in the Court of Common Pleas on January 17, 1938. There had been a previous partial trial of the case on June 11, 1937, which was discontinued because of the sickness of a juror. Mr. John Drock, the husband of the plaintiff, was examined as a witness at both trials and at the last trial, being the one in controversy, the defendant had a transcript of the testimony of the said John Drock at the first trial and used the questions and answers of said John Drock appearing in his examination on the first trial, in his cross-examination in the second trial for the purpose of bringing to the attention of the jury certain discrepancies in the testimony of the witness at the two trials. The cross-examination was necessarily, as stated by the appellant in its brief, "rather tedious and exacting." The cross-examination had not been completed when the court declared a recess at four-thirty o'clock on June 18, 1938. Following the recess, as shown by the record was an occurrence as follows:

"Let the record show that when recess was declared at four-thirty on June 18, 1938, one of the jurors, to-wit, Ernest Shobe, approached the court and prefaced his statement by saying that he would not talk to anybody else about the matter he wanted to inquire about,

but the court. He thereupon inquired of the court whether Mr. Clarence Addision, of counsel for defendant, had a right to cross examine the witness who had just left the stand, to-wit, Mr. John Drock, in the manner in which he had examined him; that it appeared to the juror that Mr. Addison was attempting to trap the witness into making misstatements and that it appeared like persecution to him.

Whereupon the court advised Mr. Shobe that counsel was examining the witness by comparing his testimony in a former trial with the testimony in the instant case and that he had a right to make a vigorous cross-examination of the witness and that counsel for the plaintiff had not complained of the examination.

And thereupon, the court communicated the above facts to counsel for both of the parties in the absence of the jury.

"Mr. Clarence Addison: Thereupon came the defendant and moved the court to withdraw a juror and continue said cause by reason of the foregoing facts evidencing prejudice against the defendant on the part of the juror mentioned, which motion was by the court—

The Court: The motion of counsel for defendant is at this time overruled.

Mr. Addison: To which the defendant excepts."

It is upon this occurrence that the defendant bases the first assignment of error mentioned.

It will be noted that this occurrence happened in the court room and that the colloquy was between the juror and the judge, and presumably not in the presence or hearing of any other person. The juror presumably started into the trial of the case with an impartial attitude of mind. The cross-examination of the witness John Drock by defendant's counsel was, as above stated, necessarily tedious and exacting; and the juror's reaction thereto was unquestionably an honest reaction in the then light of the juror's concept of the law and the limits of the examination.

In good faith he brought the matter to the attention of the trial judge who explained to him that all that was done was strictly within the rights of counsel and the party whom he represented, and that the cross-examination was proper. The juror went to the judge for information, advice and instructions and received them. The purpose of that which the judge said to the juror and its natural and probable effect would be to remove any prejudice that may have existed in the mind of the juror when he took the question up with the court.

The court therefore properly overruled the motion of the defendant to withdraw a juror and continue said cause by reason of the occurrence mentioned.

The cases cited in the appellant's brief on the question of misconduct of jurors all relate to situations where jurors had made statements indicating partiality toward or prejudice against a party during the course of the trial to or in the presence and hearing of persons other than the trial judge and where, the statement not having been made to the trial judge, there was no instruction on the part of the court pertaining thereto and tending to remove the prejudice indicated by such statements, and consequently such decisions are inapplicable to the facts of the case at bar.

2. From reading appellant's brief it appears that the portion of the general charge which is claimed to be erroneous appears on page 239 of the record as follows:

"One provision of the statute of Ohio provides that: it shall be unlawful to sell diseased, corrupt, adulterated or unwholesome provisions, without making the condition thereof known to the buyer. Of course the word 'provisions' in that connection would include meat.

Now another section of the law: it is unlawful to sell meat or any other article of food if it consists wholly or in part of a diseased, decomposed, putrid,

tainted or rotten animal or vegetable substance or article."

The first paragraph of the instruction mentioned was given by virtue of the provisions of §12760, GC, and the second paragraph thereof was given by virtue of the provisions of §12758, GC, as limited by definitive §5778, GC.

The three objections raised to the general charge are as follows:

(a) The food was purchased by the husband and eaten by plaintiff, his wife, and therefore §12760 has no application.

(b) Sec. 12758 and definitive §5778 are in conflict with §12760 and therefore §12760 is inapplicable or contradictory to the other sections.

(c) There is no evidence in the record one way or the other as to whether the purchaser made any inquiry on which he received any information and therefore §12760 is not applicable.

These objections will be considered in the order mentioned.

A. The defendant makes the point that since the purchaser was not the party injured and the plaintiff in the action, §12760 is not applicable.

Sec. 12760, GC, reads as follows:

"Whoever sells, offers for sale or has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions, without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days or both."

It is apparently the contention of the appellant that as the failure to make the condition known to the buyer is the gravamen of the offense under the statute, that the statute is for the protection of the buyer only and that such protection does not extend to persons, members of the family or guests of the buyer who may sustain injuries by reason of eating such provisions.

This question was directly before the Supreme Court in the case of **Portage**

**Market Companies v George, 111 Oh St 775**, and **The Great Atlantic & Pacific Tea Co. v Hughes, 131 Oh St 501.** In both cases the Supreme Court sustained a recovery by a member of the family of the buyer who partook of the food sold in violation of the provisions of this section, so that this contention of the appellant is without merit.

B. Sec. 5778, GC, is a definitive section defining what constitutes adulterated food. This section must be read in conjunction with §12758, a criminal section, in order to find the complete statutory language upon which is based the second paragraph of the quoted portion of the trial court's charge.

It is true that under §12760, GC, the gravamen of the offense is the failure of the seller to make the unwholesome some condition of the provisions know to the buyer, whereas §§5778 and 12758, GC, in conjunction do not make such failure the gravamen of the offense prescribed is §12758, the sale of such unwholesome provisions itself constituting the offense without reference to such fact being made known to the buyer by the seller.

Sec. 12760, GC, covers one situation and §§12758 and 5778, GC, cover a different situation. The existence of both situations is pleaded in this case and in the application of said sections to the facts in this case there is no conflict.

In the case of Portage Market Co. v George, supra, the same general form of charge as the charge in question, was given by the trial court and is quoted at **111 Oh St page 777**, in the statement of facts. While this part of the charge is not directly passed upon by the Supreme Court in the case mentioned it is inferentially approved by the decision of the court on other parts of the same charge which were directly passed upon by the court. The contention of the appellant on this phase of the charge is therefore without merit.

C. As hereinbefore mentioned, it is

the contention of the appellant that there is no evidence in the record one way or the other as to whether the buyer made any inquiry or received any information from the seller as to the condition of the meat purchased, and consequently that the provisions of §12760, GC, are inapplicable to the facts of the case and that the court erred in charging the same.

The purchaser, under said section is not required to make inquiry as to whether the provisions he is about to purchase are corrupt or unwholesome. The gravamen of the offense under this section, as above mentioned, is the failure of the seller to make such unwholesome condition thereof known to the buyer. As shown by the bill of exceptions the testimony of Mr. Drock, husband of the plaintiff, who was the purchaser of the meat, and of Mr. Grover Keller the agent employed as butcher by the defendant, who sold the meat to Mr. Drock, is to the effect that the agent butcher of the seller said nothing to the purchaser of the meat about the meat at the time of purchase. This evidence made he provisions of said section applicable and the court did not err in charging the same.

3. We will turn now to the assignment of error that the verdict is against the weight of the evidence and is not supported by sufficient evidence and is contrary to law.

There is competent, credible and substantial evidence that the husband of the plaintiff purchased the meat in controversy from the defendant; that no information was given by the seller to the buyer that the meat was unwholesome; that the plaintiff ate of the meat and following the eating of the meat became ill thereby sustaining substantial damages; and there is competent, credible and substantial evidence by plaintiff's attending physician that her illness was caused by the unwholesomeness of the meat eaten by her.

Opposed to this evidence is the evidence of physicians other than her attending physician, to the effect that the illness of plaintiff resulted from causes other than the eating of the unwholesome meat, and the testimony of nonprofessional witnesses as to circumstances from which an inference might be drawn that the illness of the plaintiff was caused by factors other than the eating of the meat. There are also some discrepancies in the testimony offered on behalf of the plaintiff as to collateral matters such as length of time of the presence of one of plaintiff's witnesses at her home preceding the eating of the meat and as to whether the eating of the meat occurred at about noon or three o'clock in the afternoon, but such discrepancies in so far as they reflect on the determinative issues in the case are not material. Both the conflicts and discrepancies in the evidence mentioned presented questions of the credibility of the witnesses and were matters for the determination of the jury.

The jury by its verdict resolved all such conflicts and discrepancies in the evidence in favor of the plaintiff, and on the whole record the verdict is not contrary to law in not being sustained by any evidence and is not against the weight of the evidence. This assignment of error is also without merit.

Finding no error in any of the particulars specified in the brief, the judgment of the common pleas court will be affirmed at costs of appellant.

HORNBECK, PJ, BARNES, J., concur.